**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                                nring@theurbanlawfirm.com
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST<br><br>Plaintiffs,<br><br>v.<br><br>RAMPARTS, LLC dba Luxor Hotel & Casino, a Nevada limited liability company; NEW CASTLE CORP. dba Excalibur Hotel & Casino, a Nevada corporation; and CIRCUS CIRCUS CASINOS INC. d/b/a CIRCUS CIRCUS HOTEL & CASINO, a Nevada corporation,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA**<br><br>[29 U.S.C. § 185(a) and § 1132(e)] |

Plaintiffs, jointly and severally, complain and allege as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the district in which the Trusts (defined below) are administered, the signatory union maintains its offices, and where the relevant acts took place.

4. To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

**PARTIES**

5. Plaintiffs are TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING

PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST (collectively hereinafter "Trusts" or "Plaintiffs").

6. The Trusts are express trusts created pursuant to written Declarations of Trust ("Trust Agreements") between the Nevada Resort Association and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720 (hereinafter "Local 720"). The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

7. At all times material herein, Local 720 has been a labor organization representing employees in the entertainment industry in Southern Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

8. Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9. At all times material to this Complaint, RAMPARTS, LLC dba Luxor Hotel & Casino; NEW CASTLE CORP. dba Excalibur Hotel & Casino; and CIRCUS CIRCUS CASINOS INC. d/b/a CIRCUS CIRCUS HOTEL & CASINO, have all been Nevada corporations licensed to conduct business and domiciled in the state of Nevada.

**FIRST CLAIM FOR RELIEF**
**Breach of Written Collective Bargaining**
**Agreements and Related Trust Agreements**

10. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. At all times material herein, there were in effect collective bargaining agreements between Local 720 and each of the three Defendants (hereinafter "Labor Agreements"). The most recent of those labor agreements for all three Defendants is for the period of June 1, 2017 through May 31, 2022. Each Defendants was also bound to predecessor labor agreements. Each of the

Defendants, pursuant to its applicable Labor Agreement, has recognized Local 720 as the authorized representative of all of its employees performing work covered under the Labor Agreements. Defendant has agreed to be bound to the terms of the Labor Agreement and the Trust Agreements incorporated therein.

12. By their own admission through their compliance with the Labor Agreements and paying fringe benefit contributions due thereunder, Defendants have each demonstrated they are obligated to the terms and provisions of their respective Labor Agreement and Trust Agreements.

13. Pursuant to the terms and conditions of the Labor Agreements, and at all times relevant herein, Defendants were bound by the Declarations of Trust establishing the Trusts and were bound by the policies and procedures promulgated by the Boards of Trustees of the Trusts.

14. The respective Labor Agreements, Trust Agreements and the policies and procedures established by the Board of Trustees of each of the Trusts required Defendants to contribute monthly fringe benefit contributions to the Trusts based on a percentage of gross wages earned by or paid to employees who were covered by the Labor Agreements and to report the names of those employees and their hours worked on a monthly basis in a manner determined by the Board of Trustees of the Trusts.

15. RAMPARTS, LLC dba Luxor Hotel & Casino; NEW CASTLE CORP. dba Excalibur Hotel & Casino; and CIRCUS CIRCUS CASINOS INC. d/b/a CIRCUS CIRCUS HOTEL & CASINO are each "employer[s]," as that term is understood and defined in the Labor Agreements and related Trust Agreements.

16. RAMPARTS, LLC dba Luxor Hotel & Casino; NEW CASTLE CORP. dba Excalibur Hotel & Casino; and CIRCUS CIRCUS CASINOS INC. d/b/a CIRCUS CIRCUS HOTEL & CASINO are each "employer[s]," as defined and used in Section 3(5) of ERISA, 29 U.S.C. §1002(5), and, therefore, each Defendant is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. §1145. Plaintiffs are informed and believe, and thereon allege, that each Defendant is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of Section

301(a) of the LMRA, 29 U.S.C. §185(a).

17. By the terms and provisions of the Labor Agreement and related Trust Agreements, and at all times material herein, Defendants were obligated to the following:

17.1 To prepare and submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis showing i) the identities of employees performing work covered by the Labor Agreement, ii) the amounts earned by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the amounts earned by or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to same employees, which monthly contribution reports are due on the 20th day of each successive month; and

17.2 To maintain adequate records of work performed by and amounts paid to their employees. Defendants were obligated to permit the Trusts and their agents to conduct audits of Defendants' payroll and related records in order to determine if fringe benefit contributions had been properly paid pursuant to the respective Labor Agreements and related Trust Agreements; and

17.3 To properly pay fringe benefit contributions to the Trusts. Benefits and/or other withholdings were to be made on a monthly basis, and at specified percentages based on the amounts earned or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

18. On or about October 31, 2016, Plaintiffs, through their retained auditor, Rubin Brown, LLP (hereinafter "auditor"), conducted preliminary field work for the audit of the three Defendants at the companies' offices. Following the initial field visit, the auditors determined the Defendants were not properly calculating gross wages for purpose of making fringe benefit contributions because the employers were diverting some amounts of gross wages to the payment of employees' health care costs. These wage diversions began in 2009.

19. As was stated in the applicable Labor Agreements, if the contribution rate for the Culinary Health Fund increased by more than $0.50 per year, the increase over that amount shall be paid

through a wage diversion (Article 11.02). The contributions to the Joint Trust Funds were calculated by Defendants to not include the diversion amounts even though that was a gross wage paid to the employees.

20. The Defendants agreed with the auditors that the Defendants would calculate the shortages for the three properties and provide a copy of the calculations to the auditor for review prior to remitting payment to the administrator. In 2016 and 2017, the Defendants calculated contributions due to the Trust Funds for the diverted wages. The auditors tested the reports provided by the Defendants and noted that 40% of participants tested were not included in the Defendants' calculations. The Defendants stated their payroll system does not recognize employees who later changed classifications or were terminated, which explained the discrepancy.

21. On September 28, 2017, a meeting was held with Plaintiffs' counsel, an attorney representing all Defendants, representatives of the Defendants, and the Plaintiffs' auditors wherein the wage diversions were discussed. The parties in the meeting agreed the Defendants would calculate the total amount of wage diversions for all participants and provide calculations by employee to the Trust Funds' auditors for review before submitting the outstanding amounts owed. This was done in an effort to save Defendants from paying the Plaintiffs' auditors to conduct the full analysis with all backup information. Full and completed calculations for all affected employees were never provided by the Defendants.

22. On or around January 4, 2018, a telephone call was conducted with Plaintiffs' counsel, an attorney representing all Defendants, representatives of the Defendants, and the Plaintiffs' auditors wherein Defendants agreed to produce the requested information and correct calculations discussed in the September 2017 meeting. Plaintiffs' counsel sent a follow up letter on January 24, 2018 requesting production of the information and calculations by February 5, 2018. No calculations or information were produced.

23. An additional piece of information requested from the Defendants is proof of payment of contributions related to its payment of wages to participants under a labor management arbitration. The auditors have asked for this proof of payment to include employee names and amounts and no evidence has been provided.

24. On May 31, 2019, a telephone call was conducted with Plaintiffs' counsel, an attorney representing all Defendants, representatives of the Defendants, and the Plaintiffs' auditors wherein discussion took place on the production of information and calculations related to the gross wage diversion. On that call, a follow-up conference call was agreed by the parties to take place on June 17, 2019.

25. On June 17, 2019, a telephone call was conducted with Plaintiffs' counsel, an attorney representing all Defendants, representatives of the Defendants, and the Plaintiffs' auditors wherein Defendants agreed to produce the requested information within sixty days. The date for production of the information and calculations was August 18, 2019. That date passed and no information was produced. To date, the information and calculations from the Defendants are still outstanding.

26. Due to the Defendants' refusal and failure to provide the requested information it agreed to provide, the auditors are unable to complete their audit procedures and the exact amount of contributions and contract damages due and owing cannot been ascertained at this time. These amounts will be established by proof at trial herein or through a dispositive motion following completion of an audit. The Defendants' refusal to produce all requested documents, records and information is a breach of their respective Labor Agreements and the Trust Agreements.

27. The Trust Funds, through their auditor and assisted by legal counsel, have been attempting to complete their audit procedures with the Defendants since 2016. They have been unable to complete the audit procedures because the Defendants have not produced the necessary information.

28. The Trust Agreements and collection procedures adopted by the Boards of Trustees of the Trusts provide employers will pay any and all legal and auditing costs when employers are referred by the Boards of Trustees to legal counsel for assistance in allowing an auditor to complete an audit or for the purpose of collecting amounts owed, whether before or after litigation is commenced.

29. It has been necessary for the Trusts to engage The Urban Law Firm for the purpose of obtaining Defendants' compliance with the applicable Labor Agreements and Trust Agreements.

30. Pursuant to the applicable Labor Agreements and Trust Agreements, the Trusts are

entitled to an award of their reasonable attorney's fees incurred to enforce the Labor Agreement and Trust Agreements even if no amounts are shown to be owed after the audit.

**WHEREFORE**, the Trusts pray for judgment against Defendants, as follows:

1. For an order compelling Defendants to submit to and cooperate with the audit of their books, documents, and other things by the Trusts duly appointed representative and to produce the information promised to be produced to the auditors;

2. For unpaid fringe benefit contributions in amounts as proven;

3. For damages for breach of contract in amounts as proven;

4. For liquidated damages in amounts as proven;

5. For auditor costs, expenses, and fees in amounts as proven;

6. For interest at the agreed upon contractual rate on all fringe benefit contributions and/or damages until paid in full;

7. For the Trusts' reasonable attorney's fees;

8. For the Trusts' costs of suit incurred herein; and

9. For such additional relief as this Court deems just and proper.

Dated:  September 3, 2019             **THE URBAN LAW FIRM**

　　　　　　　　　　　　　　　　　　　　*/s/ Nathan R. Ring*
　　　　　　　　　　　　　　　　　　MICHAEL A. URBAN, Nevada Bar No. 3875
　　　　　　　　　　　　　　　　　　NATHAN R. RING, Nevada State Bar No. 12078
　　　　　　　　　　　　　　　　　　4270 S. Decatur Blvd., Suite A-9
　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89103
　　　　　　　　　　　　　　　　　　Telephone: (702) 968-8087
　　　　　　　　　　　　　　　　　　Facsimile: (702) 968-8088
　　　　　　　　　　　　　　　　　　Electronic Mail:  murban@theurbanlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　　　　nring@theurbanlawfirm.com
　　　　　　　　　　　　　　　　　　***Counsel for Plaintiffs Trusts***